**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

KRISTINA L. MOORE,

Plaintiff,

v. No. 2:26-cv-02115-MLG-JHR

BOARD OF REGENTS OF
NEW MEXICO STATE UNIVERSITY,
CHILDREN, YOUTH AND FAMILIES DEPARTMENT and
SUSIE FACIO, in her individual capacity,

Defendants.

**ORDER GRANTING MOTION FOR LEAVE TO AMEND,
DENYING DEFENDANTS' REQUEST FOR SANCTIONS WITHOUT PREJUDICE
AND DENYING MOTION TO DISMISS WITHOUT PREJUDICE**

Plaintiff, who is proceeding *pro se*, filed, in the Third Judicial District Court, County of Doña Ana, State of New Mexico, a lawsuit against Defendants on May 20, 2026, a First Amended Complaint on June 1, 2026, and a motion to file a second amended complaint on June 22, 2026. *See* Notice of Removal, Doc.1 , July 1, 2026.

Defendants New Mexico State University Board of Regents ("NMSU") and Susie Facio removed the state-court proceeding to this Court on July 1, 2026, and filed a Motion to Dismiss on July 7, 2026. *See* Doc. 4. Defendant Children, Youth and Families Department ("CYFD") joined in the Motion to Dismiss. *See* Defendant CYFD's Notice of Joinder in Defendants NMSU and Susie Facio's Motion to Dismiss, Doc. 9, filed July 7, 2026. Briefing on the Motion to Dismiss was completed on August 11, 2026. *See* Doc. 27.

Plaintiff now seeks to file a second amended complaint. *See* Motion for Leave to File Amended Complaint, Doc. 31, filed August 24, 2026 ("Motion").

**Order Granting Motion for Leave to Amend**

Plaintiff seeks leave to file a second amended complaint stating:

> Records that Defendant NMSU produce on August 20, 2026 – nine days after briefing on Defendants' Motion to Dismiss (Doc. 4) closed – bear directly on the sufficiency of the pleading and were in NMSU's exclusive possession until then. Plaintiff seeks leave to plead those records and asks the Court address the pleading on the complete record.

Motion at 1.

> Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely given "when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

*Nakagaki v. Aspen Valley Hospital*, 2026 WL 1961876, *1 (10th Cir.).

Defendants NMSU, Facio and CYFD (collectively "Defendants") oppose Plaintiff's Motion to file a second amended complaint on two grounds, futility and undue prejudice. *See* Response, Doc. 32, filed September 8, 2026.

Defendants argue:

> Plaintiff has pled the exact same claims in her proposed second amended complaint they are subject to dismissal for the same reasons as outlined in the motion to dismiss filed in response to Plaintiff's first amended complaint. The only substantive difference between the operative complaint and Plaintiff's proposed second amended complaint is the inclusion of additional factual allegations which Plaintiff claims were discovered in documents produced pursuant to IPRA. . . Plaintiff's claims as outlined in both the operative complaint and the proposed second amended complaint are subject to dismissal for the reasons addressed in Defendants' Motion to Dismiss Plaintiff's first amended complaint.

Response at 5. Defendants then set forth five paragraphs apparently summarizing the arguments in the Motion to Dismiss Plaintiff's First Amended Complaint. *See* Response at 5-7.

Defendants also argue that "[g]ranting leave to amend the complaint a second time would result in undue prejudice against the Defendants" because Defendants "have already researched,

drafted, and submitted nine separate briefs" including three briefs in a previous case Plaintiff has voluntarily dismissed ("*Moore I*") and six briefs in this case. *See* Response at 8 n.3 (stating Defendants have filed the following: (i) a Motion to Dismiss Complaint, a Motion to Dismiss Amended Complaint and a Reply in Support of Motion to Dismiss Amended Complaint in *Moore v. NMSU*, No. 2:26-cv-01573-JHR ("*Moore I*"); and (ii) a Motion to Dismiss, a Response to Plaintiff's Application of Entry of Default, a Response to Plaintiff's Motion to Remand, a Response to Plaintiff's Motion to Stay, a Response regarding the Order to Show Cause, and a Reply in support of the pending Motion to Dismiss, in this case).

The Court grants Plaintiff's Motion for leave to file a second amended complaint. Defendants incorporate by reference their arguments in Defendants NMSU and Facio's Motion to Dismiss Plaintiff's First Amended Complaint to support their assertion that amendment would be futile. The Court will not review the Motion to Dismiss the First Amended Complaint to determine whether amendment by the second amended complaint will be futile. *See Lebahn v. Owens*, 813 F.3d 1300, 1307-08 (10th Cir. 2016) ("[I]t is not the court's job to comb the record in order to make the non-movant's arguments for him."). Defendants must set forth their arguments in full in motion a motion to dismiss instead of referring the Court to a motion previously filed by two of the three Defendants and joined in by the third Defendant.

Finally, if, as Defendants assert, the proposed second amended complaint fails to state claims for the same reasons the First Amended Complaint fails to state claims, it will not unduly prejudice Defendants to set forth those arguments in a motion to dismiss because they have already researched and drafted those arguments.

**Order Denying Defendants' Request for Sanctions Without Prejudice**

Defendants assert, in their Response to Plaintiff's Motion to file a second amended complaint, that "Plaintiff has proceeded in an abusive fashion in litigating her claims," request that the Court impose sanctions either under the Court's inherent power or pursuant to Rule 11 of the Federal Rules of Civil Procedure and set forth several arguments in support of their request. *See* Response at 9-13. Plaintiff sets forth several arguments opposing Defendants' request for sanctions. *See* Reply at 4-7, Doc. 33, filed September 11, 2026.

The Court denies Defendants' request for an order imposing sanctions at this time without prejudice because Defendants have not filed a separate motion for an order imposing sanctions and have not filed a surreply addressing Plaintiff's arguments against the imposition of sanctions. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion"); Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion"); *Alejandre-Gallegos v. Holder*, 598 Fed.Appx. 604, 605 (10th Cir. 2015) ("In our adversarial system, neutral and busy courts rely on lawyers to develop and present in an intelligible format the facts and law to support their arguments and the adversarial process cannot properly function when one party ignores its obligations under the rules"). Defendants may renew their request for an order imposing sanctions by filing a motion.

**Order Denying Motion to Dismiss Without Prejudice**

Because the Court is granting Plaintiff's Motion to file a second amended complaint, the Court denies Defendants NMSU and Susie Facio's Motion to Dismiss. *See Tufaro v. Okla. ex rel. Bd. of Regents of Univ. of Okla.*, 107 F.4th 1121, 1137 (10th Cir. 2024) ("an amended complaint supersedes a prior complaint and renders it of no legal effect"). Defendants may file a motion to dismiss Plaintiff's second amended complaint.

**IT IS ORDERED** that:

(i) Plaintiff's Motion for Leave to file Amended Complaint, Doc. 31, filed August 24, 2026, is **GRANTED.** Plaintiff must file her second amended complaint within 21 days of entry of this Order. Failure to timely file a second amended complaint may result in the Court proceeding on Plaintiff's First Amended Complaint.

(ii) Defendants' request for sanctions is **DENIED without prejudice.**

(iii) Defendants NMSU and Susie Facio's Motion to Dismiss, Doc. 4, filed July 7, 2026, is **DENIED without prejudice.**

**UNITED STATES MAGISTRATE JUDGE**